UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv107-FDW

| ROCKY LEE DEWALT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| DAVID MITCHELL, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner Rocky Lee Dewalt filed a Petition for Writ of Habeas Corpus, see 28 U.S.C. § 2254, on August 11, 2015. (Doc. No. 1.) On November 10, 2015, Respondent filed a Response, Motion for Summary Judgment, and Memorandum of Law, with accompanying documents. (Doc. Nos. 8-10.) Roseboro requires that the Court notify Petitioner, who is proceeding pro se, of his rights and responsibilities with respect to Respondent's Motion for Summary Judgment. 528 F.2d at 310.

Summary judgment shall be granted if the party making the motion "shows that there is no genuine issue of material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the . . . party [opposing the motion for summary judgment]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1996). A fact is material only if it might affect the outcome of the case under governing law. Id.

The party moving for summary judgment has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

1

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the party opposing the motion for summary judgment.

Petitioner has the right to respond to Respondent's Motion for Summary Judgment. To defeat a motion for summary judgment, the opposing party, in this case, Petitioner, may not rely upon mere allegations or denials of allegations in his pleadings. See id. at 324. Instead, Petitioner "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. In other words, he must identify sufficient evidence from which "a reasonable jury could return a verdict [in his favor]." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

The rules for opposing a motion for summary judgment can be found in Federal Rule of Civil Procedure 56(c), which provides that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Id. at Fed. R. Civ. P. 56(c). An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Petitioner shall have thirty (30) days from entry of this Order to file a response to Respondent's Motion for Summary Judgment. As previously discussed, Petitioner should identify any material facts he believes are in genuine dispute and support his assertions as outlined in Federal Rule of Civil Procedure 56(c). Failure to file a proper response to the Summary Judgment Motion could result in an Order granting Respondent's request for relief; that is, denial and dismissal of Petitioner's § 2254 petition with prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner shall have thirty (30) days from entry of this Order to file a response to Respondent's Motion for Summary Judgment (Doc. No. 9).

Signed: November 10, 2015

Frank D. Whitney
Chief United States District Judge